IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
DEC 22 2005

**CARLO M. BREWER,**

    **Petitioner**

v.             //         CIVIL ACTION NO. 1:05CV3
                            CRIMINAL NO. 1:03CR42-1
                              (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 3, 2005, pro se petitioner Carlo M. Brewer ("Brewer") filed a petition pursuant to 28 U.S.C. § 2255. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On September 19, 2005, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Brewer's motion to vacate and supplemental motion to vacate be denied and the case be dismissed without prejudice. (Doc. No. 20, case No. 1:03CR42-1 & Doc. No. 4, case No. 1:05CV3.) The Magistrate Judge determined that Brewer's § 2255 motion filed on July 1, 2005 is untimely and that Ms. Carmen Taylor, Brewer's sister, failed to establish next friend status.

The R&R also specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights on this issue. Though the Brewer filed, and the Court subsequently

granted, a motion for extension of time to file his objections, no objections were filed by the October 10, 2005 deadline.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DENIES** the motion to vacate (Doc. No. 17, case No. 1:03CR42 & Doc. No. 1, case No. 1:05CV3) and **ORDERS** Brewer's case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner via certified mail, return receipt requested and to counsel of record.

Dated: December _22_, 2005.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).